UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

GENERAL ELECTRIC CAPITAL
CORPORATION, as servicing agent for
DANKA MASTER TRUST 1997-A,
                    *Plaintiff-Appellee,*

v.                                              No. 01-1745

MARKETING RESEARCH &
MANAGEMENT, INCORPORATED, a
North Carolina Corporation,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-00-983-1)

Argued: February 27, 2002

Decided: March 22, 2002

Before NIEMEYER and LUTTIG, Circuit Judges, and
Henry M. HERLONG, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Kathryn Patirica Fagan, Carrboro, North Carolina, for
Appellant. Byron L. Saintsing, SMITH, DEBNAM, NARRON,

WYCHE, STORY & MYERS, L.L.P., Raleigh, North Carolina, for Appellee. **ON BRIEF:** Connie E. Carrigan, SMITH, DEBNAM, NARRON, WYCHE, STORY & MYERS, L.L.P., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

General Electric Capital Corporation ("GE Capital") commenced this action to collect from Marketing Research & Management, Inc. ("Marketing Research") an indebtedness on equipment leases in the amount of approximately $144,000. Marketing Research leased Kodak-brand copying equipment from Danka Office Imaging Company through two leases, one executed in December 1997 and the other in January 1998. After making payments on these leases for more than two years, Marketing Research went into default on both leases, prompting the commencement of this action. GE Capital brought this action as servicing agent for Danka Master Trust 1997-A, which in turn was the assignee of the leases from Danka Office Imaging.

Marketing Research did not dispute that it defaulted on the leases. But it defended its defaults by contending that the equipment "failed to function on a daily basis causing incredible delays and making the performance of the contracts for its clients and customers virtually impossible" and that Danka Office Imaging misrepresented the equipment's capabilities. Marketing Research alleged that as a result, it lost revenues in excess of $300,000. It also filed a counterclaim to recover the $300,000 that it allegedly lost.

On GE Capital's motion for summary judgment and motion to dismiss the counterclaim, the district court entered summary judgment

in favor of GE Capital and against Marketing Research in the amount of $144,026 and dismissed Marketing Research's counterclaim.

On appeal, Marketing Research contends that the district court erred because it granted summary judgment without allowing Marketing Research discovery on its claims relating to the faulty performance of the equipment. In particular, it asserts that it had hoped through discovery to develop evidence that GE Capital was in such a close relationship with Danka Office Imaging and Danka Trust that GE Capital should be responsible for the equipment's malfunctioning. The district court concluded, however, that the information that Marketing Research hoped to develop would be irrelevant to this action because the leases at issue provided for unconditional payment.

In signing the leases, Marketing Research agreed that it was "unconditionally obligated to pay all rent payments due under this agreement . . . no matter what happens, even if the equipment or software is damaged or destroyed, if it is defective or if you have temporary or permanent loss of its use." Marketing Research agreed further:

> The equipment is being leased to you in *as-is condition*. You agree that we do not manufacture the equipment or software, that we do not represent the manufacturer or vendor . . . . We have not made and do not make any warranties or representations of any kind . . . . You should contact the manufacturer or vendor of the Equipment and the owner of the software for a description of your warranty rights . . . . You agree to settle any dispute you may have regarding performance of the Equipment with the manufacturer or vendor of the Equipment.

Finally, Marketing Research recognized in the leases that the leases would be assigned and that "the new owner will not be subject to any claims, defenses or set-offs that [Marketing Research] may have against [Danka Office Imaging]." Thus, even if Marketing Research were to have claims against others for defective equipment, it agreed not to raise those claims as defenses to GE Capital's effort to recover defaulted lease payments.

Having considered all of the arguments raised by Marketing Research and carefully reviewed the record made before the district

court, we affirm the judgment of the district court for the reasons given more fully by that court. *Gen. Elec. Capital Corp. v. Mktg. Research & Mgmt., Inc.*, Civil No. 1:00CV00983, 2001 WL 604195 (M.D.N.C. May 16, 2001).

*AFFIRMED*